IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

JAMES CONNER     PLAINTIFF
302 Paddington Court
Louisville, Kentucky 40222

Case No. 3:21-cv-255-DJH

v.

Judge David J. Hale

PROVIDENT FUNDING ASSOCIATES, LP     DEFENDANTS
700 Airport Blvd., Suite 430
Burlingame, California 94010

    SERVE:    Corporation Service Company
                    412 West Main St.
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

    SERVE:    CSC-Lawyers Incorporating Service Co.
                    421 W. Main Street
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, James Conner, by counsel, and for his Verified Complaint against the Defendants, Provident Funding Associates, LP ("Provident") and Equifax Information Services, LLC ("Equifax") states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; Provident's false reporting of a cancelled mortgage on Plaintiff's Equifax credit report; and Defendants' failure to correct Provident's false reporting on Plaintiff's credit report.

### II. PARTIES

2. Plaintiff, James Conner, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky, residing at 302 Paddington Court, Louisville, Kentucky 40222.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Provident, is a California limited partnership doing business in the Commonwealth of Kentucky, with its principal place of business at 700 Airport Blvd., Suite 430, Burlingame, California 94010.

5. Provident is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky, with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky, as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

10. In or around December 2020, Plaintiff accessed his Equifax credit report and discovered a Provident mortgage account reporting as open and with a $595.00 monthly payment, even though, on June 29th, 2017, Plaintiff closed the Provident mortgage in good standing.

11. Immediately upon discovery of the false tradeline, Plaintiff disputed the account to Equifax. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Provident of the dispute at or within five (5) days of Equifax receiving notice of the dispute from Plaintiff.

12. In January 2021, Plaintiff again accessed his Equifax credit report, and the Provident tradeline was reporting with the same inaccuracies. Despite Plaintiff's lawful request for amendment of the disputed items, pursuant to the FCRA, Provident and Equifax failed to investigate Plaintiff's dispute and failed to amend Plaintiff's credit report.

13. Provident's and Equifax's failure to investigate Plaintiff's dispute and their failure to maintain the accuracy of Plaintiff's credit history has damaged Plaintiff, in that Plaintiff has

been denied credit and/or has been forced to pay a high rate of interest for credit due to Provident's and Equifax's failure to properly investigate Plaintiff's dispute.

14. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's dispute and Defendants' false reporting of Plaintiff's Provident account. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Provident

15. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16. Provident's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax are violations of Provident's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

17. Provident's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Provident is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

18. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17, as if fully set forth herein.

19. Equifax's failure to investigate Plaintiff's dispute and its failure to amend its reporting of the subject tradeline, despite knowledge of the falsity of the disputed items, are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15

U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Provident

22. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 21, as if fully set forth herein.

23. Provident's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax, despite Provident's knowledge of the falsity of its reporting, are willful violations of Provident's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

24. Given Provident's knowledge of the falsity of its reporting, Provident's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Provident is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

25. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 24, as if fully set forth herein.

26. Equifax's failure to investigate Plaintiff's dispute and its failure to amend its reporting of the subject tradeline, despite Equifax's knowledge of the falsity of the disputed items, are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

27. Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

28. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, James Conner, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/Emily H. Funk
Emily H. Funk
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
EmilyFunk.hlolaw@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, James Conner, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
James Conner

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by James Conner on this 16 day of April, 2021.

_____
Notary Public   RHONDA ROSBOTTOM

Commission expires: March 28, 2022